IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONISHA PHILLIPS,

   *Plaintiff,*

v.

UNIFIED OF MARYLAND
BALTIMORE COUNTY, ET AL.,

   *Defendants.*

Civil Action No.: ELH-15-02066

**MEMORANDUM**

Monisha Phillips, who is self-represented, filed an employment discrimination suit against her employer, the University of Maryland Baltimore County ("UMBC"), and six UMBC employees: Amy Schneider; Christopher Murphy; Linda Baker; Eva Dominguez; Valerie Thomas; and Elmer Falconer. In addition, Phillips sued Tammi Spence, a "State employee" (ECF 1 at 2) identified as an "AFSME Union Rep."[1]  ECF 1 ¶ 30(hh). In particular, Phillips alleges that she suffered discrimination based on race (failure to promote) and was subjected to retaliation for engaging in a protected activity, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). ECF 1 at 1, 3. Plaintiff seeks, *inter alia*, money damages for "pain & suffering," "medical fees," and "back pay" owed to her due to the denial of promotion. *Id.* at 4-5. The Complaint is accompanied by a "Notice of Right

---

[1] Elsewhere in the Complaint, plaintiff refers to the "AFSCME Union." ECF 1 ¶ 23. AFSCME is an acronym for the American Federation of State, County and Municipal Employees. *See About AFSCME*, American Federation of State, County and Municipal Employees (Mar. 29, 2016 2:44 PM), http://www.afscme.org/union/about.

to Sue" from the United States Equal Employment Opportunity Commission ("EEOC").  *Id.* at 14-16.

Spence has filed a Motion to Dismiss (ECF 7), pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6), accompanied by a memorandum of law (ECF 7-1) (collectively, the "Motion").  Phillips opposes the Motion (ECF 13, "Opposition").  Spence has not replied and the time to do so has expired.  *See* Local Rule 105.2.

The Motion has been fully briefed, and no hearing is necessary to resolve it.  *See* Local Rule 105.6.  For the reasons that follow, I will grant the Motion.

### I.  Factual and Procedural Background[2]

Plaintiff, who is African-American (ECF 1 ¶ 3), was hired by UMBC in 1996.  *Id.* ¶ 1.  In 2008, she began work as a part-time administrative assistant in UMBC's Psychology Department.  *Id.*  Plaintiff allegedly experienced a "hostile work environment" (ECF 1 ¶ 4), typified by a litany of racially charged conflicts with coworkers and supervisors.  *See, e.g. id.* ¶¶ 1-4.  Plaintiff maintains that her coworkers and supervisors, *inter alia*, made racially insensitive remarks and treated her less favorably than similarly situated "Caucasian employees" (*id.* ¶ 8), because of her race.  *See, e.g., id.* ¶¶ 1-4.

Beginning in 2010, Phillips assumed additional responsibilities but, in contrast to her "Caucasian" (*id.* ¶ 8) coworkers, she received neither additional compensation nor a job title commensurate with her new duties.  *See id.* ¶¶ 5-9.  Plaintiff repeatedly complained to her departmental and university supervisors about the preferential treatment that similarly situated

---

[2] Because plaintiff is self-represented, her submissions must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Moreover, given the posture of the case, I shall assume the truth of plaintiff's allegations.

"Caucasian" (*id.* ¶ 8) coworkers received, but obtained no relief. *See id.* ¶¶ 10-22. Phillips contends that, because of discrimination on the basis of race, and in retaliation for her complaints about the disparate treatment of African-American employees, she was denied several job promotions (*see, e.g., id.* ¶ 9) and was "functionally demoted." *Id.* ¶ 13.

During August 2013, Phillips "filed a grievance with the AFSCME Union due to concerns about policies and procedures, questionable changes/alternations due to personal beliefs, which are outside standard UMBC protocol." *Id.* ¶ 23. Between September 10, 2013 and September 18, 2013, plaintiff met repeatedly with Mr. Poovan,[3] a UMBC employee and AFSCME representative (*id.* ¶ 24; *see id.* ¶¶ 24-25), who represented her at meetings concerning her grievance with UMBC administrators. *See id.* ¶¶ 24-25.

On September 24, 2013, plaintiff filed a Charge of Discrimination with the EEOC "because [she] was being subjected to unequal terms and conditions of employment, harassment, and a hostile work environment because of [her] race (African-American) and in retaliation for engaging in protected activity in violation of Title VII . . . ." *Id.* ¶ 27; *see id.* at 4. Phillips alleges that, after she filed her Charge of Discrimination, a multitude of "retaliatory events happened." *Id.* ¶ 30.

In particular, as to Spence, Phillips alleges, *id.* ¶ 30(aa): "Grievance not considered and denied by AFSME Union, unreturned phone calls, vague responses to my questions." She also contends, *id.* ¶ 30(hh): "AFSME Union Rep (Ms. Spence) offered little or no guidance, tone often unprofessional, rude, had to send numerous emails to get a response. Days before my

---

[3] The Complaint does not provide Mr. Poovan's first name. *See* ECF 1 ¶¶ 24-25.

transfer, Ms. Spence said to me 'UMBC didn't owe me anything', in an unprofessional rude tone."[4]

Plaintiff was "transfer[red] to another department" on January 26, 2015.  *Id.* at 12.

On April 15, 2015, the EEOC issued plaintiff a "Notice of Right to Sue" (*id.* at 14-16), which states, in relevant part, *id.* at 14 (bold, underlined, and emphasis in original): "Your lawsuit under Title VII . . . **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice** . . . ."  Phillips filed suit on July 15, 2015.  ECF 1.

## II.   Failure To State A Claim

### A.  Contentions

Spence submits, in relevant part, ECF 7-1 at 5:

> Dismissal of Plaintiff's Complaint is warranted and appropriate under Fed. R. Civ. P. 12(b)(1), 12(b)(5) and 12(b)(6). Plaintiff has failed to effect serve [sic] of process on Ms. Spence as required under Fed. R. Civ. 4(e), and Plaintiff's Complaint has failed to allege facts to state a claim for relief against Ms. Spence under Title VII because Plaintiff did not exhaust her requisite administrative remedies, there is no individual liability under Title VII, and, even if Ms. Spence was an "employer" or "labor organization" under Title VII, (which she is not), Plaintiff has alleged no facts that if true would establish that Ms. Spence engaged in discrimination or retaliation in violation of Title VII.

Phillips's Opposition states, in its entirety, ECF 13 at 1:

> Throughout the entire investigative process I complained of hostile work environment and retaliation. Tammi Spence['s] lack of assistance encouraged management's hostile behavior before and after the complaint was filed.
> I had direct conversations/communications with her directly expressed during the complaint she was apart of the hostile work environment and retaliation.
> Her denial of formal complaints partied to, she refused to accept the grievances and she made comment suggesting that I leave UMBC.
> She was often time influenced by Management and helped fuel the hostile work environment.[5]

---

[4] These are the sole factual allegations in the Complaint as to Spence's conduct.

- 4 -

**B. Standard of Review**

As indicated, Spence has moved to dismiss under Fed. R. Civ. P. 12(b)(6). ECF 7-1.

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations"

---

[5] "'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Mylan Laboratories, Inc. v. Akzo*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)), *aff'd*, 2 F.3d 56 (4th Cir. 1993); *see also Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Accordingly, I am unable to consider any factual allegations that Phillips asserts in her Opposition (ECF 13) if they were not included in the Complaint. ECF 1.

in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Therefore, a complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly*, 550 U.S. at 555. Moreover, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). Put another way, in reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville,* 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the

factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S. Ct. 1960 (2012).

A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243 (quotation marks omitted); *see Houck*, 791 F. 3d at 484; *Tobey v. James*, 706 F.3d 379, 387 (4th Cir. 2013). But, "if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint,'" or in other material that is the proper subject of consideration under Rule 12(b)(6), such a defense can be resolved on the basis of the facts alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*); *see Houck*, 791 F.3d at 484.

### C. Discussion

Spence submits that she "cannot be held individually liable for employment discrimination under Title VII." ECF 7-1 at 6. I agree.

A person can only be liable under Title VII in his or her individual capacity if that person qualifies as an "employer" within the meaning of the statute. *See Brooks v. Arthur*, 626 F.3d 194, 203 (4th Cir. 2010) ("Title VII 'foreclose[s] individual liability'") (quoting *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998)); *Lissau*, 159 F.3d at 181 (holding that "supervisors are not liable in their individual capacities for Title VII violations"); *cf. Luy v. Balt. Police Dept.*, 326 F. Supp. 2d 682, 688 (D. Md. 2004) (dismissing Title VII claim against

police commissioner), *aff'd*, 120 Fed. Appx. 465 (4th Cir. 2005); *Erskine v. Bd. of Educ.*, 197 F. Supp. 2d 399, 405 (D. Md. 2002) (concluding that plaintiff "cannot bring a Title VII action against the individual supervisors"). Under Title VII, an agent of a labor organization is also not liable in his or her individual capacity. *See Slater v. Susquehanna Cty.*, 613 F. Supp. 2d 653, 662 (M.D. Pa. 2009) (holding that a "business representative" of a union was not liable in his individual capacity under Title VII), *aff'd*, 465 F. App'x 132 (3d Cir. 2012). Accordingly, plaintiff's Title VII claim cannot proceed against Spence.

In light of the foregoing, I need not consider Spence's other arguments in favor of dismissal.[6]

### III. Conclusion

As a matter of law, plaintiff's Title VII claim as to Spence must be dismissed. An Order follows.

Date: April 4, 2016         /s/
                            Ellen Lipton Hollander
                            United States District Judge

---

[6] For example, Spence contends that dismissal is appropriate because Phillips failed to exhaust the EEOC's administrative process as to Spence and therefore this Court lacks subject matter jurisdiction. ECF 7-1 at 7-8. In particular, Spence submits that Phillips's "failure to first file a Charge of Discrimination against Ms. Spence with the EEOC preempts entirely the Title VII claim now before the Court (as to Ms. Spence)." *Id.* at 7. Although Spence cites (*id.* at 8) Phillips's Right-to-Sue Letter (ECF 1 at 14-16) and the Complaint (*id.* at 4, 12), neither Phillips nor Spence has submitted a copy of the Charge of Discrimination. Accordingly, insofar as Phillips might have been required to exhaust the EEOC's administrative process as to Spence, there is no indication from the record that Phillips failed to do so.